ETHEL M. KRIEBS, APPELLEE, V. NICHOLAS KRIEBS ET AL., APPELLANTS.

FILED JULY 1, 1916. No. 18937.

Appeal: QUESTIONS REVIEWABLE. "When a bill of exceptions has been quashed, no question can be considered, a determination of which necessarily involves an examination of the bill of exceptions." *Reed v. Rice,* 48 Neb. 586.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Amos E. Henely,* for appellants.

*Montgomery, Hall & Young* and T. M. *Zink, contra.*

FAWCETT, J.

From a judgment of the district court for Douglas county, in favor of plaintiff, in an action for alienation of the affections of her husband, defendants appeal.

Defendants failed, for more than eight months after the adjournment of the term of court at which judgment was entered, to settle a bill of exceptions, and on motion of plaintiff it was quashed. The case is therefore before us upon the transcript alone. The defendants are the parents of plaintiff's husband. The petition alleges, in detail, most inexcusable conduct on the part of the defendants toward plaintiff in the presence of her husband, and while she and her husband were living with the defendants in their home. At the trial the jury returned a verdict in favor of plaintiff for $5,000, upon which the court, after overruling separate motions for a new trial, entered judgment. The answer of defendant Nicholas was a general denial. The answer of defendant Ida was a general denial, followed by a third paragraph which alleged that, in all of her conduct, statements, acts and doings toward plaintiff and her husband, the answering defendant acted without any ill will or malice toward plaintiff, and had only advised and done that which she fairly and honestly considered to be to the best interests of her said child.

The first assignment of error is based upon instruction No. 1, which stated the issues. In this statement the court correctly set forth the answer of defendant Nicholas, and also correctly set forth the substance of the answer of defendant Ida, with the exception that it failed to state the substance of paragraph 3 of the answer above referred to, and concluded thus: "And these are the only material allegations in defendants' answers." It is contended here that this instruction failed to set forth "the affirmative defense of the answer of the defendant Ida Kriebs." If the evidence in any manner tended to sustain the allegations in paragraph 3 of defendant Ida's answer, the failure to state it as one of the material issues in the case would have been error on the part of the court; but, if the evidence clearly failed to establish such allegation, its omission from the statement of the issues was justifiable and would not be error. The evidence is not before us. If it came anywhere near sustaining the allegations of out-

rageous treatment of plaintiff by the defendants, as set forth in the petition, it would completely destroy any claim on the part of defendant Ida that she acted without ill will or malice and had only done that which she fairly and honestly considered to be to the best interests of her son. In the absence of the bill of exceptions, we must assume that the evidence was sufficient to sustain the court in not submitting that issue to the jury. The same must be said of all other instructions complained of in the brief.

We see no way in which we can give defendants any relief on this appeal. The pleadings are ample to sustain the instructions given by the court and the verdict returned by the jury.

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.